**CITY OF ERIE, Appellant,**

v.

**HAAS MEMORIAL LODGE # 7,
Fraternal Order of Police.**

Commonwealth Court of Pennsylvania.

Argued Oct. 8, 2002.
Decided Nov. 1, 2002.
Reargument Denied Jan. 3, 2003.

Gerald J. Villella, Erie, for appellant.

Charles D. Agresti, Erie, for appellee.

Before: PELLEGRINI, Judge, and FRIEDMAN, Judge, and KELLEY, Senior Judge.

OPINION BY SENIOR Judge KELLEY.

The City of Erie (City) appeals from an order of the Court of Common Pleas of Erie County (trial court) denying the City's petition to vacate in part an arbitration award.

The City and the Haas Memorial Lodge # 7 Fraternal Order of Police (FOP) were parties to a collective bargaining agreement which was set to expire on December 31, 2001. In August 2001, the parties entered into negotiations for a new contract pursuant to what is commonly known as Act 111.[1] However, an impasse occurred and an arbitration panel was appointed. A hearing was held before the arbitration panel, which received documentary evidence, but none of the testimony presented to the panel was transcribed. Based on the evidence presented to the panel, an arbitration award was issued on December 17, 2001.

The City took issue with paragraphs 5 and 14 of the arbitration award and on January 15, 2002, filed with the trial court a petition to vacate in part the arbitration award. The City sought to vacate the provisions of paragraphs 5 and 14 of the arbitration award on the basis that the provisions contained in paragraphs 5 and 14 violated what is commonly known as Act 205 of 1984[2] as there was no specific cost estimate of the potential actuarial impact of such provisions on the pen-

sion plan; therefore, it was unknown to what extent these provisions would impact the soundness of the pension plan.

Paragraph 5 of the arbitration award provides that effective January 1, 2002, all working police officers who were hired prior to 1981 shall receive a cost of living identical to the cost of living provision adopted for officers hired after 1981. Paragraph 14 provides that effective January 1, 2002, the City shall adopt a deferred retirement option program (DROP) which permits police officers who have achieved the age and years of service for retirement, i.e. age 50 with 20 years of service, to make an election after he/she becomes eligible and up to 3 years before he/she retires to drop from the police pension plan, continue to work and be paid until he/she retires.

Upon review, the trial court determined that an actuarial report and cost estimate was performed and considered by the arbitration panel for the cost of living and DROP provisions of the arbitration award. The trial court found that a review of the actuarial expert's report discloses a reference to the cost of living provision and that both the cost of living and DROP provisions were referenced on pages 21 and 23 of section 4 (basis of valuation) in the actuarial valuation for the City's pension plan. Although the trial court could not determine from the documents whether the expert considered the pre-January 1,

---

1. Act of June 24, 1968, P.L. 237, No. 111, *as amended,* 43 P.S. §§ 217.1–217.10.

2. The Municipal Pension Plan Funding Standard and Recovery Act, Act of December 18, 1984, P.L. 1005, 53 P.S. §§ 895.101 895.803. The General Assembly enacted Act 205 as "an Act mandating actuarial funding standards for all municipal pension systems; establishing a recovery program for municipal pension systems determined to be financially distressed; providing for the distribution of the tax on premiums of foreign fire insurance

companies; and making repeals." 53 P.S. § 895.101. Its purpose was to strengthen municipal pension plans "by requiring actuarially-based current funding standards and by establishing state-aided, voluntary remedial rules to aid seriously under funded pension plans in achieving compliance with the standards." *City of Philadelphia v. District Council 33, American Federation of State, County & Municipal Employees, AFL–CIO,* 528 Pa. 355, 366, 598 A.2d 256, 261 (1991).

1981 and post-January 1, 1981 plan participants, the trial court found that the financial information required for such an analysis was contained in these documents and it appeared to the trial court that the expert testified about the relevant matters. The trial court found further that the award reflected findings on the cost of living and DROP issues. Therefore, the trial court stated that it could logically infer that the arbitration panel not only considered the documentary evidence, but also the expert's testimony. Accordingly, the trial court found that the arbitration panel did not exceed its authority and denied the petition to vacate in part the arbitration award by order entered April 29, 2002. This appeal followed.

■■■■■ When reviewing an arbitration award issued under the authority of Act 111, this Court's standard of review is limited certiorari, which permits an appellate court to consider questions concerning: (1) the arbitrator's jurisdiction; (2) the regularity of the proceedings; (3) an excess of the arbitrator's powers; and (4) the deprivation of constitutional rights. *City of Butler v. Fraternal Order of Police, Lodge No. 32*, 780 A.2d 847 (Pa. Cmwlth.), *petition for allowance of appeal denied*, Pa., 568 Pa. 620, 792 A.2d 1255 (2001). An arbitrator: (1) may not order the employer to perform an illegal act; (2) is limited to requiring that a public employer do that which it could do voluntarily; and (3) must craft an award that only encompasses the terms and conditions of employment. *Id.* An error of law alone is not sufficient to reverse an award under this narrow scope of review. *Id.*

Herein, the City raises the issue of whether the provisions of an interest arbitration award under Act 111 which mandate enhancements to a municipal pension plan for police officers without a clear cost estimate of the effect of the modifications as required by Act 205 violate the law and therefore are void. In support of this issue, the City contends that both of the pension plan modifications included in paragraphs 5 and 14 of the arbitration award do not comply with Act 205 as required. The City argues that the equalization of pre–1981 and post–1981 hired officers cost of living adjustment payments was presented by the FOP as impacting numerous officers. The City contends further that the DROP plan potentially has a major impact on the plan's actuarial soundness and that Act 205 requires a specific estimate of the costs of any plan modification. The City contends that the actuary who testified before the arbitration panel provided no such specifics, and the trial court erroneously interpreted the generalities of what was presented as being compliant with the requirements of Act 205. The City argues that Act 111 does not sanction a violation of the law and that this Court held in *City of Butler* that, pursuant to Act 205, an actuarial report and cost study of any proposed modification to a pension plan is required. Finally, the City argues that because there was no transcription of the testimony presented before the arbitration panel, the assumption by the trial court that there must have been sufficient testimony from the actuary to satisfy Act 205 requirements is a substantial departure from the scope and standard of review which the trial court should have applied.

In response, the FOP contends that the City's arguments ignore reality because there was an Act 205 actuarial study submitted to the arbitration panel by the City's own plan actuary. The FOP argues that this study indicated that the pension plan was substantially over funded. The FOP argues further that based on this actuarial study, the actuary presented to the panel his cost estimate regarding the

contested provisions. The FOP maintains that the actuary specifically testified that the contested provisions would have no effect on the soundness or stability of the pension plan but instead would be cost neutral. The FOP contends that there is simply no basis for the City to now claim that the effects of the contested provisions are completely unknown or that there is no doubt that the provisions will have some long term effect on the plan. The FOP argues further that the City is really just challenging the quality of the evidence presented to the arbitrators resulting in the City asking this Court to become the fact finder and determine the cost estimate. The FOP contends that such a *de novo* review is impermissible.

In *City of Butler*, this Court pointed out that Section 301(a) of Act 205, 53 P.S. § 895.301(a), specifically details that its provisions supplant those of the local municipality. *City of Butler*, 780 A.2d at 854. This Court stated further that:

> Sections 305(a) and (c) of Act 205 [, 53 P.S. § 895.305,] require the provision of a cost estimate to reflect the impact on the actuarial soundness of the plan regarding any benefit plan modification.... But, it is also clear that any change in the formulation of the pension fund, whether that change results from benefit enhancements or an alteration in the funding mix, requires the consideration of a cost estimate as provided by Section 305(a), and an actuarial report under Section 302 [, 53 P.S. § 895.302,] that the pension plan is actuarially sound.

*Id.* at 855 (footnotes omitted).

Accordingly, the City is correct in its assertion that the arbitration panel was required, pursuant to Act 205, to consider a cost estimate and an actuarial report with respect to the provisions of paragraphs 5 and 14 of the arbitration award which enhance the pension plan's benefits. Herein, the record only contains an actuarial report. While the FOP maintains that the actuary presented to the arbitration panel his cost estimate regarding the contested provisions and that the actuary specifically testified that the contested provisions would have no effect on the soundness or stability of the pension plan but instead would be cost neutral, the record in this matter does not contain a transcript of the actuary's testimony. As the parties acknowledge to this Court, the testimony presented to the arbitration panel was not transcribed.

Thus, there is nothing in the record to support the trial court's conclusion that the arbitration panel did not exceed its authority. Nor is there anything in the record to support the conclusion that the provisions of Act 205 have not been violated. Therefore, this Court is left to infer, as did the trial court, as to whether or not the arbitration panel considered a cost estimate. However, we hold that an inference cannot support the conclusion that the arbitration award does not violate the provisions of Act 205. There must be clear record evidence that the mandates of Act 205 have been satisfied. Accordingly, the trial court's order denying the City's petition to vacate in part the arbitration award must be reversed.

### ORDER

AND NOW, this *1st* day of *November*, 2002, the April 29, 2002 order of the Court of Common Pleas of Erie County at No. 10185–2002, is reversed.